**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ————————————————————— ) | |
| **SUSAN GLAZEBROOK, individually and** ) | |
| **on behalf of all others similarly situated,** ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | **Civil Action No.** |
| **v.** ) | **21-10181-FDS** |
|  ) | |
| **CHOBANI, LLC,** ) | |
|  ) | |
| **Defendant.** ) | |
| ————————————————————— ) | |


<u>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**</u>

SAYLOR, C.J.

      This is a putative class action concerning the allegedly deceptive labeling of vanilla yogurt.  Jurisdiction is based on the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

      Plaintiff Susan Glazebrook alleges that defendant Chobani, LLC, falsely represented that its yogurt contained "vanilla" when, in fact, it contained only "vanilla extract" and "natural flavors."  Glazebrook alleges that she, and other similarly situated consumers, were thereby deceived, and consequently paid a price premium.  She now seeks money damages and equitable and injunctive relief.  All claims are asserted under state law.

      Chobani has moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the motion will be granted.

**I.**     <u>**Factual and Procedural Background**</u>

    **A.**     <u>**Factual Background**</u>

Unless otherwise noted, the facts are set forth as alleged in the amended complaint.

1.      **The Parties**

Susan Glazebrook is a Massachusetts resident.  According to the complaint, she

purchased Chobani "Madagascar Vanilla & Cinnamon" yogurt several times from the Stop &

Shop grocery store in Saugus, Massachusetts.  (Am. Compl. ¶¶ 24, 27).

Defendant Chobani, LLC, labels, markets, and sells the yogurt in question under the

brand name "Chobani."  (*Id*. ¶ 2).[1]

2.      **Product Label**

The disputed label is depicted below.  On the front, beneath the brand name "Chobani,"

are two lines of text.  The first reads "Less Sugar Greek Yogurt"; the second, "Madagascar

Vanilla & Cinnamon."  (*Id.* Ex. A).[2]  The label also displays an image of a vanilla flower and

beans in the background.  (*Id.*).  The top lid replicates much of the same wording and imagery,

with an additional descriptive phrase:  "Just a hint of natural vanilla, blended with delicately

creamy Greek Yogurt."  (*Id.*).

---

[1] The amended complaint inconsistently states that defendant is both a Delaware limited liability company with a principal place of business in New York and that it is a New York corporation with its principal place of business in New Jersey.  For determining jurisdiction pursuant to the Class Action Fairness Act, a limited liability company is an "unincorporated association" and a citizen of the state where it either has its principal place of business or is organized.  *See Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 699–700 (4th Cir. 2010); *see also* 28 U.S.C. § 1332(d)(10).  Therefore, whether Chobani is properly considered a citizen of New York, New Jersey, or Delaware, the minimal diversity requirement imposed by CAFA appears to be satisfied here.

[2] The complaint inverts the yogurt label's descriptive phrase, alleging that the label reads "Madagascar Vanilla & Cinnamon Less Sugar Greek Yogurt."  (*See* Am. Compl. ¶ 2).  However, the image of the label attached with the amended complaint shows that "Less Sugar Greek Yogurt" is positioned above "Madagascar Vanilla & Cinnamon."  (*Id.* Ex. A).  In other words, from top to bottom, the phrase reads "Less Sugar Greek Yogurt Madagascar Vanilla & Cinnamon."



The side label displays the ingredients.  (*Id.* Ex. B).  Among the ingredients listed are "natural flavors" and "vanilla extract."  (*Id.*).



### 3.    Natural Flavors and Vanilla Extract

The complaint alleges that the front label deceives customers because it induces them to believe that the yogurt contains "Madagascar vanilla" as an ingredient, when in reality the vanilla flavor is due to the presence of "natural flavors" and "vanilla extract."  (*Id.* ¶¶ 6-7, 82-83).

According to the complaint, "natural flavors" are chemicals synthesized in a laboratory, derived from natural compounds and extractives.  (*Id.* ¶ 85).  The complaint alleges that isolated

chemical compounds extracted from natural sources may not taste like their antecedent ingredients. (*Id.*). For example, the compounds extracted from natural vanilla may not taste like vanilla, so a "flavorist" must add other chemicals to create a "flavoring substance" that replicates the desired taste. (*Id.* ¶ 88). The complaint alleges that some "natural flavor" mixtures contain as many as 250 chemically identified constituents, some artificial or synthetic. (*Id.* ¶ 87).

Although the complaint appears to blur any distinction between "natural flavors" and "vanilla extract," it alleges that both ingredients are in effect engineered to provide the yogurt its vanilla flavor and are not "vanilla" as that term would be understood by a reasonable consumer. (*See id.* ¶¶ 82-92). According to the complaint, when Chobani replicated vanilla flavor by adding "natural flavors" and "vanilla extract," it was obligated to label the yogurt as "vanilla-flavored" instead of "Madagascar vanilla." (*Id.* ¶ 90).

### 4. Demand Letter

On June 14, 2021, plaintiff lodged a formal demand letter with Chobani, as is required by Mass. Gen. Laws ch. 93A. (*Id.* ¶ 62). She requested that Chobani cease its deceptive practice and agree to remunerate her and similarly situated consumers. (*Id.*). On July 15, 2021, Chobani responded that the letter failed to allege any viable claims and that there was nothing deceptive about the yogurt's labeling. (*Id.*).

### B. Procedural Background

Plaintiff initiated this lawsuit on February 3, 2021. The amended complaint alleges claims for violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, §§ 2, 9; violation of Mass. Gen. Laws ch. 266, § 91; and unjust enrichment. Chobani has moved to dismiss all counts for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Legal Standard

To survive a motion to dismiss, a complaint must state a claim that is plausible on its

face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences.  *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III.   Analysis

Chobani has moved to dismiss the complaint on five grounds:  (1) the complaint alleges claims that are preempted by federal food-labeling regulations; (2) the complaint fails to plead fraud-based claims with sufficient particularity; (3) the complaint fails to plausibly allege deception; (4) claims for equitable relief cannot stand because an adequate remedy at law is available; and (5) plaintiff lacks standing to pursue injunctive relief because she fails to allege a non-speculative future harm.  Because the Court finds that the claims are preempted, it will not reach the remaining issues.

#### A.   Preemption

When a federal law and state law conflict, "the federal law takes precedence and the state law is preempted."  *Murphy v. National Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1480 (2018).

By statute, state food-labeling requirements that are "not identical" to federal food-labeling requirements are preempted. 21 U.S.C. § 343-1(a)(3). Therefore, "[a] Massachusetts law that imposed a labeling requirement beyond that imposed by federal law would be expressly preempted." *Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 79 (1st Cir. 2020) (quoting *Dumont v. Reily Foods Co.*, 934 F.3d 35, 41 (1st Cir. 2019)). The parties here agree that if the label complies with federal law, all of the claims in the complaint are preempted. *See Dumont*, 934 F.3d at 41.

The principal question, therefore, is whether the label at issue complies with federal law. The complaint alleges that it violates 21 C.F.R. § 101.22(i), which provides as follows:

> If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, *e.g.*, depiction of a fruit, or other means, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor and shall be declared in the following way:

> (1) If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, *e.g.*, "vanilla", in letters not less than one-half the height of the letters used in the name of the food, except that:

> (i) If the food is one that is commonly expected to contain a characterizing food ingredient, *e.g.*, strawberries in "strawberry shortcake", and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, *e.g.*, "natural strawberry flavored shortcake," or "strawberry flavored shortcake".

To begin, there is no question that the label makes a "direct . . . representation[] with respect to the primary recognizable flavor(s), by word, vignette, e.g. depiction of a fruit, or other means." *See* 21 C.F.R. § 101.22(i). The label states that the flavor is "Madagascar Vanilla &

Cinnamon," and it displays an image of a vanilla flower and vanilla beans.  That flavor (which, for present purposes, will be deemed to be vanilla, not vanilla and cinnamon) is therefore considered the "characterizing flavor."  *Id.* [3]

The next issue is whether the yogurt contains an "artificial flavor which simulates, resembles or reinforces the characterizing flavor."  *Id.* § 101.22(i)(1).  Plaintiff does not appear to contend that the yogurt contains an "artificial" flavor within the meaning of that regulation (although she does contend that the yogurt does not actually contain "vanilla," as opposed to "natural flavors" and "vanilla extract").  Accordingly, under the regulation, the yogurt may be labeled "by the common or usual name of the characterizing flavor, *e.g.*, 'vanilla,'" unless the exception in § 101.22(i)(1)(i) applies.

That exception provides that the yogurt must be labeled as "vanilla flavored" if  "the food [the yogurt] is one that is commonly expected to contain a characterizing food ingredient, *e.g.*, strawberries in 'strawberry shortcake,' and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient."  *Id.* § 101.22(i)(1)(i).

There are thus, in substance, two requirements that must be satisfied for the exception to apply:  (1) the food must be one that is "commonly expected to contain a characterizing food ingredient" and (2) either the food must contain (in essence) an inadequate amount of that ingredient or not contain that ingredient at all.

Plaintiff contends that vanilla is not a mere "characterizing flavor," but a "characterizing food ingredient," such as strawberries in a strawberry shortcake.  She further contends that consumers would commonly expect that the yogurt would contain actual "vanilla" in the form of

---

[3] There does not appear to be any issue as to the use of the word "cinnamon" as a designation of flavor.

vanilla beans (presumably, although not necessarily, in ground form).  She contends that the flavor is in fact derived from two ingredients—"natural flavors" and "vanilla extract"—neither of which is "vanilla."  (Am. Compl ¶¶ 6-7).  Thus, plaintiff alleges, § 101.22(i)(1)(i) requires Chobani to state on the label that its yogurt is only "vanilla flavored."  (*Id.* ¶ 8).

The first question is whether "vanilla" is a "characterizing flavor" or a "characterizing food ingredient."

To begin, the regulation itself gives "vanilla" as an example of a characterizing flavor. That fact alone entirely undermines plaintiff's contention that "vanilla" is a characterizing food ingredient.  In that respect, the federal regulation accords with the expectations of reasonable consumers—in other words, what consumers would "commonly expect[]"—that the word "vanilla" denotes a characterizing flavor.  And, indeed, multiple courts have considered and rejected the argument that the word "vanilla" represents an ingredient rather than a flavor.  *See, e.g.*, *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 161 (S.D.N.Y. 2021) ("A reasonable consumer would understand that 'vanilla' is merely a flavor designator, not an ingredient claim."); *Nacarino v. Chobani*, 2021 WL 3487117, at *5 (N.D. Cal. Aug. 9, 2021) ("This Court therefore joins the many other courts that have considered this issue and concluded that the term 'vanilla' on vanilla-flavored products merely indicates flavor and not an ingredient source."); *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775, at *5 (S.D.N.Y. Oct. 27, 2020) ("The label 'Smooth Vanilla' is not misleading because, absent additional facts . . . reasonable consumers associate the word vanilla with a flavor, not with an ingredient."); *Cosgrove v. Blue Diamond Growers*, 2020 WL 7211218, at *3 (S.D.N.Y. Dec. 7, 2020) ("The Court finds the Product is not misleading because a reasonable consumer would associate the representation of "Vanilla"—with no additional language modifiers—to refer to a

flavor and not to vanilla beans or vanilla extract as an ingredient.").[4]  This Court sees no reason to conclude otherwise, and therefore finds that vanilla is a "characterizing flavor."

The second question—which the court need not reach, but will do so for the sake of completeness—is whether the yogurt contains "vanilla."  It is undisputed that it contains vanilla extract, but not whole or ground vanilla beans.  Plaintiff contends that the yogurt label violates federal regulations because it does not contain its "characterizing ingredient."  In other words, the yogurt, according to plaintiff, contains no vanilla.

As noted, vanilla is not a characterizing ingredient.  Furthermore, and in any event, vanilla extract is, in fact, a form of vanilla derived from the vanilla plant.[5]  The federal regulation governing the standards for vanilla extract requires that any ingredient identified as vanilla extract contain a minimum amount of vanilla derived from vanilla beans.  *See* 21 C.F.R. § 169.175.  Thus, if a product is flavored with vanilla extract, it must, according to federal regulations, contain some amount of naturally occurring vanilla.[6]

Plaintiff argues that a reasonable consumer would not understand the term "vanilla" to encompass "vanilla extract."  That argument, however, has been rejected by multiple courts. *See, e.g.*, *Zahora v. Orgain LLC*, 2021 WL 5140504, at *5 (N.D. Ill. Nov. 4, 2021) ("Numerous other courts have dismissed challenges to the use of the word 'vanilla' on food labels on the

---

[4] Although the cases cited were evaluating the expectations of reasonable consumers within the context of state consumer-protection laws, the Court finds their conclusions persuasive here.  Section 101.22(i)(1) requires the characterizing flavor be indicated by its "common or usual name," and § 101.22(i)(1) defines a characterizing ingredient as "one that is commonly expected to contain a characterizing food ingredient"—both of which seem to necessarily implicate the expectations of a reasonable consumer.  In any event, those cases reinforce what is clearly stated in the regulation—that "vanilla" is the common name of a characterizing flavor.

[5] In fact, the ubiquity of vanilla extract in food products has rendered the terms "vanilla" and "vanilla extract" largely synonymous.  *See Vanilla*, Webster's Third New Int'l Dictionary 2532 (1986) (defining "vanilla" as both the plant, its beans, and as "a flavoring extract made by soaking comminuted vanilla pods in a mixture of water and grain alcohol").

[6] It is true that § 101.22(i)(1)(i) may apply if the amount of vanilla extract is "insufficient to independently characterize the food"—that is, if other flavors predominate.  The complaint here, however, does not so allege.

basis that there is nothing in the word 'vanilla' itself that would lead a reasonable consumer to understand a product's flavor to be derived mostly or exclusively from the vanilla bean."); *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 679 (S.D.N.Y. 2021) (holding that label using word "vanilla" and depicting a vanilla flower would be understood by reasonable consumer as conveying that the product "contains some non-negligible amount of extract derived from a vanilla bean"); *see also Patenaude v. Orgain,* 2022 WL 798274, at *3 (D. Mass. Mar. 16, 2022) ("The Court holds—as many district courts across the country have—that the word 'vanilla' without any qualifying terms does not lead a reasonable consumer to believe that the vanilla flavor came exclusively or predominantly from vanilla beans.").

In short, the yogurt at issue contains vanilla, albeit in the form of vanilla extract, and therefore complies with federal labeling regulations.

That conclusion not only accords with common sense, but also with other federal food-labeling regulations. Regulations governing the labeling of ice-cream products closely resemble the provisions of 21 C.F.R. § 101.22(i). For example, 21 C.F.R. § 135.110(f)(2)(i) provides:

> If the food contains no artificial flavor, the name on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, *e.g.*, "vanilla", in letters not less than one-half the height of the letters used in the words "ice cream".

However, if an ice cream's natural vanilla flavor is reinforced by artificial means, the ice cream must be characterized as "vanilla flavored." *See id.* § 135.110(f)(2)(ii). If the artificial flavors predominate, the ice cream must be labeled as "artificially flavored vanilla." *See id.* The regulation provides that an artificial flavor simulating vanilla is deemed to predominate "in the case of vanilla beans or vanilla extract used in combination with vanillin if the amount of vanillin used is greater than 1 ounce per unit of vanilla constituent . . . ." *Id.* § 135.110(f)(5)(i). Thus, with respect to ice cream, "vanilla beans or vanilla extract" constitute natural vanilla that

10

requires no qualification (as opposed to its artificial counterpart, vanillin).  It would make little

sense if ice cream, flavored with vanilla extract, could be labeled "vanilla ice cream," while

yogurt, flavored the same way, must be labeled "vanilla flavored."

In summary, the term "vanilla" is clearly a "characterizing flavor" within the meaning of

the relevant federal regulation, § 101.22(i)(1).  Furthermore, the yogurt "contains no artificial

flavor which simulates, resembles or reinforces the characterizing flavor," and vanilla yogurt is

not a food "that is commonly expected to contain [the] characterizing food ingredient" of vanilla

in the form of vanilla beans.  And even if the Court were to construe vanilla as a "characterizing

food ingredient" as defined in §101.22(i)(1)(i), the yogurt contains that ingredient in the form of

vanilla extract, and the complaint makes no allegations that the amount of vanilla extract is

insufficient to "independently characterize" the yogurt.

The yogurt container in question, therefore, comports with federal labeling requirements,

and any state-law labeling requirement that varies from the federal requirement is preempted.

And because the complaint asserts only state-law claims, it must necessarily fail.

Accordingly, the complaint fails to state a claim upon which relief can be granted and

will be dismissed.

## IV.   <u>Conclusion</u>

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor, IV<br>
F. Dennis Saylor, IV

Dated:  August 1, 2022                          Chief Judge, United States District Court